FILED

JUN 9 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:                                    )          Case No. 04-30024-C-7
                                          )
KATHRYN REYNOLDS,                         )
                                          )
                                          )
                          Debtor(s).      )
_____)

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

An evidentiary hearing was held on June 7, 2005, which focused upon the question of the value of the debtor's residence commonly known as 10605 Saxon Way, Truckee, California, which is located in a development known as Glenshire.  The question was the value of the residence on the date this bankruptcy case was filed on October 6, 2004.

The evidence consisted of the testimony of Brian D. Lazarus, a California licensed real estate appraiser, coupled with his appraisal report.  In addition, there was the testimony of the debtor Kathryn Reynolds.  The issue of the value of the property on the date of the filing of the petition is important because it determines whether a judgment lien in favor of creditor Jessica Swedelius may or may not be avoided in whole or in part under 11 U.S.C. § 522(f).


FINDINGS OF FACT

The debtor valued her residence at $395,000 on the schedules that were filed at the time she filed the case on October 6, 2004.

The sum total of consensual liens against the property was $344,642.  She claimed an exemption of $50,000 under California

1 | law.

2 |     The debtor testified that she based her opinion of value of

3 | $395,000 on advertisements for sale of properties that she regarded

4 | as similar.

5 |     The appraisal report prepared by Mr. Lazarus, California

6 | licensed real estate appraiser No. AL023436, who works for Alpine

7 | Appraisers, Truckee, California, focuses upon different comparable

8 | sales in the appraisal in support of his $457,000 opinion of value.

9 |     The appraisal report indicates that a single family house in

10 | the relevant area ranges from a low value of $300,000 to a high

11 | value of $900,000 and ranges in construction from new construction

12 | to forty years old.

13 |     The debtor's residence occupies .29 acres and is four years

14 | old.  It has three bedrooms and two bathrooms with gross living

15 | area of 1692 square feet and a two-car garage.  It was purchased in

16 | October 2002 for $330,000.

17 |     Mr. Lazarus considered four properties that he regarded as

18 | comparable, all of which had closed escrow during the period June

19 | 2004 through October 1, 2004.  One, which had the same number of

20 | rooms but was smaller by 158 square feet of gross living area and

21 | which was twelve years old, sold for $440,000 on October 1, 2004,

22 | at a price per square foot of $286.83.  The appraiser was of the

23 | opinion that a $17,000 adjustment should be made to reflect the

24 | additional living space in order to yield an adjusted comparable

25 | price of $457,000.

26 |     The second comparable involved a residence that had four

27 | bedrooms and three bathrooms and 1844 square feet of gross living

28 | area that sold in July 2004 for $490,000 at a price per square feet

- 2 -

of $265.73.  The appraiser judged the view to be better because
mountains could be seen and made adjustments because of the room
size and gross living area to produce an adjusted sales price of
$454,000.

The third comparable sale, which was across the street at
10626 Saxon Way, was a two-bedroom, two-bathroom house of 1657
square feet that was twenty-seven years old and that sold in July
2004 for $425,000 at a price per square feet of $256.49.  The
appraiser made a $10,000 adjustment to reflect the difference in
age, a $10,000 adjustment to reflect what he judged to be in poorer
condition, and a $4,000 adjustment to reflect the difference in
rooms and square footage, together with a $10,000 adjustment to
reflect poorer quality of construction, yielding an adjusted
comparable price of $459,000.

These three comparable properties were all located within
approximately .25 miles of the debtor's property.

The fourth comparable was new construction approximately 1.74
miles northeast of the debtor's property, which was new
construction with 1580 square feet of gross living area, which sold
in June 2004 for $435,000 at a price per square feet of $275.32.
The appraiser regarded the location as inferior because it was
located on a busy street and made a $20,000 adjustment on the
amount, together with a $3,000 adjustment on account of new
construction, a $10,000 adjustment on account of better condition,
and a $10,000 adjustment because of smaller size, yielding a net
adjustment of $19,000 and an opinion of comparable price of
$450,000.

The appraiser's conclusion was that the value of debtor's

1 | property was $457,000 as of October 8, 2004.  He had previously
2 | done a different appraisal as of April 25, 2005, that reached,
3 | based on different comparable sales that occurred in January and
4 | February 2005, a value of $482,000.

5 | Mr. Lazarus explained the difference between $457,000 as of
6 | October 2004 and the $330,000 sale of the same property on October
7 | 1, 2004, as "most likely due to a combination of the subject's
8 | adequate to good maintenance and the increasing property value this
9 | area is experiencing." He added, "[t]here has been a more than
10 | typical increase in property values throughout the Truckee and Lake
11 | Tahoe areas over the past 3 months."

12 | After carefully considering the appraiser's testimony and
13 | report and the debtor's testimony, the court is persuaded that the
14 | value of the property at 10605 Saxon Way, Truckee, California, was
15 | at least $440,000 as of the day of the filing of this bankruptcy
16 | case on October 6, 2004.

17 | The house across the street that was twenty-seven years older,
18 | thirty-five square feet smaller, and not as well constructed is
19 | particularly revealing.  The sales price within three months of the
20 | day of the filing of this petition was $256.49 per square, for a
21 | total sales price of $425,000.  Applying that same $256.49 to the
22 | debtor's property would yield $433,981 as a value without making
23 | any adjustments to account for a twenty-three-year difference in
24 | age, and size, and quality of construction, all of which would
25 | favor upward adjustments.  Although the debtor has suggested that
26 | landscaping might have been better, photographs of the area and the
27 | testimony reflect that most property is in a natural condition in
28 | the neighborhood.

1  Moreover, the appraiser's observation that prices have been
2  rising is consistent with the subsequent appraisal such that the
3  difference between July 2004 and October 2004 in the area reflect
4  an increase in value of several thousands of dollars.  Further, the
5  $256.49 per square feet price is the least of any of the
6  comparables in either of the reports.  The court is persuaded that
7  the comparables in the report as of October 8, 2004, are bona fide
8  comparable properties.

9       If one considers the comparable that closed on October 1,
10  2004 (which would reflect a transaction negotiated somewhat
11  earlier), and which was a smaller house by 158 square feet, this
12  court's conclusion that the subject property is worth $440,000 is
13  further supported.  That property sold for $440,000.

14  In sum, the court concludes that the value of the property was
15  $440,000 as of the day of the filing of the bankruptcy on October
16  4, 2004.

17  A judgment lien in favor of Jessica Swedelius was established
18  by recording of an abstract of judgment on April 14, 2004, in the
19  amount of $38,097.44.

20                        CONCLUSIONS OF LAW

21  The debtor was entitled to exempt $50,000 in her residence
22  pursuant to 11 U.S.C. § 522(b) (incorporating California
23  exemptions).

24  The sum of consensual liens and the debtor's exemption as of
25  the date of filing of bankruptcy was $394,642.

26  All value in excess of $394,642 is available to pay judgment
27  lien claims.  The $38,097.44 judgment lien in favor of Jessica
28  Swedelius does not, in light of the $440,000 value of the debtor's

- 5 -

property, impair her exemption.  It follows that on reconsideration of this court's prior order avoiding the lien, the lien is not eligible to be vacated and on reconsideration the motion to avoid the judgment lien of Jessica Swedelius will be denied.

An appropriate order will issue.

Dated:   June 9, 2005.

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Aristides G. Tzikas
865 University Ave.
Sacramento, CA 95825-6724

Alan R. Smith
505 Ridge Street
Reno, NV 89501

Dated: 6/10/05

_____
DEPUTY CLERK

BARBARA REYNOLDS

- 7 -