FILED

AUG 3 1 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:                                ) Case No. 04-30024-C-7
                                      )
KATHRYN REYNOLDS,                     )
                                      )
                                      )
           Debtor(s).                 )
_____)

**MEMORANDUM DECISION ON MOTION FOR RECONSIDERATION**

This is a motion to reconsider and vacate an order entered by this court on June 9, 2005, denying a motion to avoid the judgment lien of Jessica Swedelius. The motion was filed on June 17, 2005, as was a notice of appeal. Since the motion was filed within ten days after entry of the judgment, it is deemed to be a motion under Federal Rule of Civil Procedure 59, as incorporated by Federal Rules of Bankruptcy Procedure 9023.

Notwithstanding the filing of the notice of appeal, this court has jurisdiction by virtue of Federal Rule of Bankruptcy Procedure 8002(b), which prevents the notice of appeal from becoming effective until the entry of the order disposing of this motion.

This court's June 9, 2005, order was itself entered on a motion for reconsideration that had resulted in the court holding a full evidentiary hearing addressed to the merits with respect to a motion to avoid a judicial lien that previously had been granted by this court on a summary basis.

The creditor made a motion for reconsideration. At the hearing on the motion, the court realized that there were two flaws in its prior action. First, the court had incorrectly omitted to note that an opposition had been filed; if it had been aware of the

opposition, it would not have acted in a summary manner in the first instance.

Second, the court noted that, when the motion to avoid lien was filed by the debtor, the judgment creditor was not served. Rather, the motion was served only on the lawyer who had represented the judgment creditor. Hence, service was defective in light of the Bankruptcy Appellate Panel decision in <u>Beneficial California, Inc. v. Villar (In re Villar)</u>, 317 B.R. 88 (9th Cir. BAP 2004), which emphasized the need to serve the party and the inadequacy of serving the counsel who had represented the judgment creditor in obtaining the judgment. This constituted an excuse for any late filing of the opposition. Since there appeared to be a live dispute, this court exercised its discretion to reconsider and set the matter for an evidentiary hearing so that the matter could be resolved on the merits. Accordingly, on April 29, 2005, this court vacated its prior order and set the matter for an evidentiary hearing.

The evidentiary hearing on the contested matter occurred on June 7, 2005. The debtor, who is an attorney, and who was also represented by counsel, testified. In addition, a professional real estate appraiser engaged by the judgment creditor testified in opposition to the motion.

On June 9, 2005, this court rendered findings of fact and conclusions of law in which it determined that the value of the debtor's residence was "at least $440,000 as of the day of the filing of this bankruptcy case on October 6, 2004."

The debtor was entitled to an exemption of $50,000 under California law.

The court accepted at face value the testimony of the debtor under penalty of perjury on her schedules that the total amount of consensual debt against the property was $344,642.[1]

The debtor contends that this court is required to add costs of sale when making a calculation for lien avoidance purposes and, therefore, it should have, in addition to the total amount of secured, consensual debt, and the debtor's exemption, have added costs of sale.

The debtor represented in oral argument that the decision of Hyman v. Plotkin (In re Hyman), 967 F.2d 1316, 1320 n.10 (9th Cir. BAP 1991), has been "overruled" but cites no decision doing so. This court is unaware of any decision overruling that aspect of the Hyman decision and understands that decision to say that the transaction costs of a consensual sale are not considered.

This court is not persuaded that it should reconsider the matter at this time. It exercised its discretion at the hearing on the creditor's motion for reconsideration to provide an opportunity for an evidentiary hearing at a later date. That hearing was held. The debtor appeared at that hearing and was represented by seasoned bankruptcy counsel, who was specially employed for that purpose and who appeared to this court to be representing debtor's interests in a professional and competent manner.

The putative difference in total amount of debt is not, in

---

[1] In the present motion for reconsideration, the debtor represents that the "Schedule D the court relied on had a typo and it and has been corrected." Declaration of Kathryn Reynolds at ¶ 20. The court file reflects that no amendment to Schedule D reflecting total debt of $351,352 was filed until July 19, 2005, after this court rendered its decision.

this court's view, material.  Moreover, the amendment to the schedule that occurred forty days after this court rendered its decision is not within the realm of newly discovered evidence.

The key point is that the debtor had the burden of proof to demonstrate that the judgment lien impaired her exemption and that the debtor did not so persuade this trier of fact.  After conscientiously reviewing the situation, this trier of fact remains unpersuaded.

Moreover, the debtor is not without a remedy for dealing with this creditor.  Repayment plans under either chapter 11 or chapter 13 presumably are available in the event a judicial enforcement foreclosure sale is threatened.

An appropriate order will issue.

Dated:   August 31, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

    On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Kathryn Lynn Reynolds
PO BOX 3456
TRUCKEE, CA 96160

Thomas A. Aceituno
PO Box 189
Folsom, CA 95763-0189

Alan R. Smith, Esq.
505 Ridge Street
Reno, NV 89501

Dated: 9/1/05

DEPUTY CLERK
BARBARA REYNOLDS